The judgment of the Passaic County Court is affirmed.

FELIX MOOSEBRUGGER, PLAINTIFF-RESPONDENT, v. PROSPECT PRESBYTERIAN CHURCH OF MAPLE-WOOD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1952—Decided November 19, 1952.

Stanton, J. S. C., dissented.

Before Judges Freund, Stanton and Conlon.

*Mr. Thomas J. Brett* argued the cause for the appellant (*Messrs. O'Brien, Brett & O'Brien*, attorneys).

*Mr. Herman M. Wilson* argued the cause for the respondent.

The opinion of the court was delivered by

Conlon, J. C. C. (temporarily assigned). The Division of Workmen's Compensation dismissed the petition and the County Court reversed, allowing an award of 95 3/7 weeks for temporary and 60% of total for permanent disability. The amount of the award is not in issue. The appellant's sole contention is that the petitioner did not sustain his injuries while in the course of his employment. All of the facts were stipulated and are substantially as follows:

The petitioner was 71 years old and for 23 years had been employed by the defendant as a sexton. He lived within

walking distance of the church and his duties are thus described in the stipulation:

"He was required to be present at the church daily from 8:30 A. M. to 5:30 P. M., except on Tuesday which was his regular day off. He was also required to be present at the church on such evenings that regular or special meetings of various church groups or clubs were held *when so requested*. For his services he was paid a salary of $50 a week. He received no overtime, lodging, meals or other pay by way of bonus for any work performed after his daily tour of duty from 8:30 A. M. to 5:30 P. M. His duties consisted of taking care of five coal burners, banking them in the evening, except on meeting nights when he kept the fires going, banking them later when the church meetings were over."

Each Sunday the defendant issued to its parishioners a pamphlet setting forth the services in church for that Sunday and also the various scheduled meetings of church groups for the ensuing week. These meetings were attended by the petitioner in the course of his duties. On November 10, 1948 the plaintiff worked as usual until 5:30 P. M. and then went to his home for supper. He was struck by an automobile while he was on his way back to the church to open it and perform other duties in connection with a meeting of the men's club. The appellant contends that the County Court was in error in determining that the petitioner was in the course of his employment at the time he met with his accident.

The only issue is whether the circumstances here presented constitute an exception to the familiar rule that an accident occurring to an employee away from the employer's premises, while going to or returning from work, does not arise out of the course of employment.

Several classes of exceptions to the rule have been generally recognized, such as the employee's being called from his home by reason of an emergency, *VanNess v. Borough of Haledon*, 136 *N. J. L.* 623 (*E. & A.* 1948), or where the employee on his way to or from home is performing some incidental errand for his employer, *Bradley v. Danzis Pharmacy*, 5 *N. J. Super.* 330 (*App. Div.* 1949).

The contention of the petitioner in the instant case is that it comes within another exception, since he was on his way to work after hours to perform more special service for his employer. Many cases have been cited on both sides which consider the principle involved, but it is not necessary to review them. The basic principle is well settled. The difficulty arises in applying the principle. A reading of the cases indicates that each case must be determined by its own particular circumstances.

A situation comparable to the one here presented was considered in the case of *Bobertz v. Board of Education of Hillside Township,* 134 *N. J. L.* 444 (*Sup. Ct.* 1946), reversed on another ground 135 *N. J. L.* 555 (*E. & A.* 1947). In that case, speaking for the Supreme Court, Justice Wachenfeld said:

"Many other jurisdictions have clearly approved this exception to the general rule and have held, 'An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of his employer. In such cases, an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.' "

Applying these principles to the facts here presented it appears that petitioner's regular hours of employment were from 8:30 A. M. to 5:30 P. M.; that while he was frequently called upon to go to the church in the evening, those visits were not regularly a part of his routine employment; that he was in effect "on call" and, according to the stipulation of facts, was to return to the church in the evening when "regular or special meetings of various church groups or clubs were held *when so requested.*" The determining factor is not the frequency with which he attended the church in the evening, but rather that his attendance there was not

a part of the routine duties he was called upon to perform during his regular working hours. His status at the time of the accident, therefore, was similar to that of the petitioner in the case of *Bobertz v. Board of Education, supra,* who was a teacher and at the time of the accident was returning from a meeting of a school club, many of which like meetings she was called upon to attend in addition to her regular teaching duties.

Since at the time he met with his accident the petitioner was engaged in performing a special service which was incidental to the nature of his employment in the interest of his employer, the petitioner's injuries were sustained while he was in the course of his employment.

The judgment of the County Court is affirmed with costs.

STANTON, J. S. C. (dissenting). I would supplement the statement of the facts contained in the majority opinion by including a further part of the stipulation which immediately follows that which was quoted in that opinion, to wit:

"Other duties consisted of cleaning the Church, arranging the Sunday School room, arranging for the choir and other group meetings at the Church.

The petitioner resided at 34 Girard Place, Maplewood, which was his own residence and was not paid for or supplied by the Prospect Presbyterian Church of Maplewood. On November 10, 1948, a Wednesday, he worked until 5:30 and returned to his home for supper. On this night there was a special meeting of the Men's Club, which had not met since some time before the War. This meeting was arranged by the Reverend Arthur Butz for the purpose of reorganizing the Men's Club, and was the first meeting for some years. This meeting was scheduled for 8:00 p. m., and the petitioner was required to open the Church and get the place ready for the meeting, to serve refreshments, to tend and bank the furnaces after the meeting. That evening on his way to the Church while crossing Howard Avenue at Osborn Terrace he was struck by a car, suffering certain injuries. He performed no work for the Church at his home on the night in question."

The general rule is that where an employee is on the way to work and has not yet entered the employer's premises, he is not in the course of his employment; nor is he when

he has left the premises and is traveling to his home. *Gilroy v. Standard Oil Co.,* 107 *N. J. L.* 170 (*E. & A.* 1930); *Gullo v. American Pencil Co.,* 119 *N. J. L.* 484 (*E. & A.* 1938); *Popovich v. Atlantic Production Corp.,* 125 *N. J. L.* 533, 535 (*Sup. Ct.* 1941); *Cossari v. L. Stein & Co.,* 1 *N. J. Super.* 39 (*App. Div.* 1948). And this rule is applicable whether the employee is on his way to work at the beginning of the day, or after lunch, or as here, after supper.

There are some exceptions to this rule to be found in our reported cases, *e. g., Rubeo v. Arthur McMullen Co.,* 117 *N. J. L.* 574 (*E. & A.* 1937); *Bobertz v. Board of Education of Hillside Township,* 134 *N. J. L.* 444 (*Sup. Ct.* 1946), reversed on ground that the accident did not arise out of the employment, 135 *N. J. L.* 555 (*E. & A.* 1947); *Van Ness v. Haledon,* 136 *N. J. L.* 623 (*E. & A.* 1948); *Bradley v. Danzis Pharmacy,* 5 *N. J. Super.* 330 (*App. Div.* 1949).

While the meeting held at the church on the evening in question was a special meeting, as distinguished from one regularly held on a given night in each week, it was nevertheless one planned and scheduled well in advance. Notice of it appeared in the printed announcements of church activities which were distributed to the congregation on the two preceding Sundays. This meeting was not a special one in the sense that it required unusual services from the plaintiff because it was an extraordinary meeting, or one called on short notice, or as a result of an emergency. It was just another of the three or four meetings, regular or special, that were held each week and in connection with which the plaintiff was required to be present at the church. Attendance at these meetings was his regular duty under his contract of employment. Nor can it reasonably be concluded from the evidence that on the evening of the accident the plaintiff was on duty at home, awaiting a call to perform a special service for his employer. At the time of the accident he was not on the street in the performance of any services for his employer; he was merely returning to his regular

work from his home. This case is not within any of the recognized exceptions to the general rule stated above. Therefore it cannot be concluded that his injuries resulted from an accident arising in the course of his employment.

It is my opinion that the judgment of the County Court should be reversed.